Filed 1/24/25 Certified for Publication 2/14/25 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| KRISTOPHER BUNKER, | |
|     Petitioner, | E085394 |
| v. | (Super.Ct.No. FWV25000124) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
|     Respondent; | |
| THE PEOPLE, | |
|     Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Arthur B. Benner II, Temporary Judge. Petition granted.

Alexander Friedman, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

Petitioner Kristopher Bunker filed a petition for writ of habeas corpus challenging respondent superior court's denial of his request for a Penal Code[1] section 1270.2 automatic bail review hearing. We construed the petition as one seeking a writ of mandate and requested opposition. No response was filed. We therefore grant the petition.

FACTUAL AND PROCEDURAL HISTORY

At petitioner's arraignment on January 15, 2025, respondent court held a preliminary bail review hearing. At the outset of the hearing, respondent court stated, "[t]he Court will be making an individualized determination as to each defendant, unless defense counsel requests that we set bail provisionally and continue the Humphrey hearing to first court date." After reciting the charges and appointing the public defender, respondent court inquired, "[d]oes Mr. Bunker want to reserve on the negative report and set bail provisionally, or do a full hearing today?" Petitioner's counsel replied, "If we could be heard please, your Honor." After hearing arguments from both parties, respondent court ultimately held petitioner without bail, finding clear and convincing evidence that if petitioner was released there was a substantial likelihood that great bodily injury would result.

Petitioner then requested a bail review hearing within five days pursuant to section 1270.2, to which respondent court responded, "[t]he request is denied pending a change in circumstances."

---

[1] All further statutory citations are to the Penal Code unless otherwise noted.

2

On January 22, 2025, petitioner filed a writ of habeas corpus in this court, contending that respondent court erred in denying his request for a section 1270.2 automatic bail review hearing because he is entitled to bail review as a matter of right within five days without being required to demonstrate a change in circumstances.

To expedite review, we construed the petition as one seeking a writ of mandate. (*Gray v. Superior Court* (2005) 125 Cal.App.4th 629, 636, fn. 3.) We requested opposition from respondent and real party in interest and advised the parties that we might issue a peremptory writ in the first instance.

DISCUSSION

Section 1270.2 states, "[w]hen a person is detained in custody on a criminal charge prior to conviction for want of bail, that person is entitled to an automatic review of the order fixing the amount of the bail by the judge or magistrate having jurisdiction of the offense. That review shall be held not later than five days from the time of the original order fixing the amount of bail on the original accusatory pleading. The defendant may waive this review." (§ 1270.2.)

Here, respondent court set bail for the first time at petitioner's arraignment, and petitioner requested review of that decision. The plain language of the statute entitles petitioner to a section 1270.2 hearing within five days without requiring a showing of "change in circumstances," and no brief has been filed to contradict this construction. As such, petitioner's request for relief is well taken.

3

All parties have been notified that we might act by issuing a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.) Petitioner's right to relief is obvious, and no purpose would reasonably be served by plenary consideration of this issue. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)

## DISPOSITION

Let a peremptory writ of mandate issue, directing respondent superior court to vacate the magistrate's January 15, 2025 pretrial detention order as to petitioner, and to conduct a new bail hearing pursuant to Penal Code section 1270.2 forthwith, applying the standard of review set forth in this opinion. The decision is final immediately in this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).)


MENETREZ
J.

We concur:

MCKINSTER
Acting P. J.

MILLER
J.

Filed 2/14/25

CERTIFIED FOR PUBLICATION
COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**<u>ORDER</u>**

KRISTOPHER BUNKER,                                     E085394
   Petitioner,
   v.                                                    (Super.Ct.No. FWV25000124)
THE SUPERIOR COURT OF SAN BERNARDINO
COUNTY,                                                       The County of San Bernardino
   Respondent;
THE PEOPLE,
   Real Party in Interest.

_____

THE COURT

     We GRANT the request for publication of the opinion filed on January 24, 2025. The opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c).  It is ORDERED that the opinion filed in this matter on January 24, 2025, be certified for publication.

MENETREZ_____
J.

We concur:

McKINSTER_____
     Acting P. J.

MILLER_____
     J.

1